IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

**June 24, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| GENE V. AABY, | ) | FOR PUBLICATION: |
| | ) | |
| Plaintiff-Appellee, | ) | Filed: June 24, 1996 |
| | ) | |
| v. | ) | KNOX CHANCERY |
| | ) | |
| JUDY E. AABY STRANGE | ) | Hon. Frederick D. McDonald, |
| | ) | Chancellor |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | No. 03S02-9507-CH-00073 |

# Order on Petition To Rehear

DROWOTA, J.

The father, Gene V. Aaby, has filed a petition to rehear in this case, raising several issues. Of those issues, only the one pertaining to custody merits further comment by this Court.

In the petition to rehear, the father states that this court, in its memorandum opinion filed April 22, 1996, held that custody should not be changed to the mother. He requests a rehearing of that determination because, he says, events occurring while the case was pending in this Court warrant a change of custody, and a petition to change custody was in fact filed in the Knox County Chancery Court on February 23, 1996.

The father misconstrues the scope of our previous decision. In the memorandum opinion in this case, we simply concluded that the mother's desire to move to Bardstown, Kentucky did not evidence such poor judgment so as to warrant a change of custody. That is the extent of our decision regarding custody; we did not purport to conclusively decide the issue in the opinion, and if the father can show that custody should be changed for reasons other than the mother's desire to move to Bardstown, he may certainly do so.

In addition to this clarification, footnote 3 of the memorandum opinion is amended by adding the following sentence. "In that case, the parties shall memorialize their agreement in an order, which shall be signed and entered by the trial court."

_____

2

Frank F. Drowota, III
Justice

Concur:

Birch, C.J.
Anderson, Reid, and White, JJ.